UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHICKY,
      Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,
      Defendant.

No. 1:17-cv-819

Honorable Paul L. Maloney

## ORDER ADOPTING REPORT AND RECOMMENDATION AND AFFIRMING DENIAL OF BENEFITS

Plaintiff Michael Chicky seeks review of the final decision of the Commissioner of Social Security, which denied a claim for disability insurance benefits. The claim for benefits arises from a closed period between April 2003 and December 2008. The magistrate judge issued a report recommending that the Commissioner's decision be affirmed. (ECF No. 14.) Plaintiff filed objections. (ECF No. 15.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72."

*Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Generally, Plaintiff has objected to every recommendation in the R&R. For the de novo review, the Court has read the ALJ's decision (ECF No. 7-3 PageID.114-28), the parties' briefs, the R&R, and Plaintiff's objections. The Court also reviewed many of the cases cited in the R&R and in Plaintiff's objections.

The Court concludes the recommendations in the R&R are sound. The Court finds the R&R accurately summarizes the relevant facts, as set forth in Plaintiff's medical records. Plaintiff's disagreement with the ALJ and the magistrate judge centers on the interpretation of the medical records and the resulting conclusions. The Court also finds the R&R sets forth the appropriate legal principles for evaluating the claims raised by the parties. Here, Plaintiff disputes both the legal principles and the application of the relevant facts to those principles. For both factual and legal disputes, the Court finds the magistrate judge's resolution of the issues convincing and further discussion of the contested matters unnecessary.

The Court will address one argument raised in Plaintiff's objections. The magistrate judge found that several of Plaintiff's arguments were waived because the issues were insufficiently developed. The legal principle on which the magistrate judge based this recommendation is well-established and is not undermined by the objection. Counsel complains that she is placed in an impossible situation; she cannot sufficiently develop all of Plaintiff's arguments and also comply with the limitations on page limits. (Obj. at 19

PageID.1456.)  But, part of an attorney's role is to select which arguments to present to a court.  *See, e.g., Jones v. Barnes*, 463 U.S. 745, 751-52 (1983).

Having conducted a de novo review, the report and recommendation (ECF No. 14) is **ADOPTED** as the Opinion of this Court.  The final decision of the Commissioner, which denied benefits, is **AFFIRMED.  IT IS SO ORDERED.**

Date:  August 2, 2018                                                         /s/ Paul L. Maloney
                                                                              Paul L. Maloney
                                                                              United States District Judge